UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **PETERSLEY FLORESTAL** | **CIVIL ACTION** |
| **PLAINTIFF** | **Index No.:** |
| Against | **JURY TRIAL DEMANDED** |
| **NATIONAL RAILROAD PASSENGER CORP.,** | **COMPLAINT** |
| **DEFENDANT** | |

NOW COMES Plaintiff Petersley Florestal, by and through his attorneys, FLYNN & WIETZKE, P.C and ROME, ARATA, BAXLEY & STELLY, L.L.C., and for his complaint against Defendant National Railroad Passenger Corp. ("Amtrak"), states as follows:

## PARTIES

1. Plaintiff Petersley Florestal is an adult individual, residing at 18 Marshall Street, Apartment 6-K, Irvington, New Jersey, and has been assigned to Defendant's New York crew base for more than eight years.

2. Defendant National Railroad Passenger Corporation d/b/a "Amtrak" (hereinafter "Amtrak"), its predecessors, subsidiaries, agents, servants and employees, at all times pertinent in the part or past, has been a domestic corporation engaged in the business of a common carrier by railroad in interstate commerce. At all relevant times, Defendant and/or Defendant's predecessors in interest were regularly and systematically conducting its business activities within the jurisdiction of this Court, as a common carrier of interstate and intrastate commerce and were engaged in interstate commerce and transportation.

{}

3. Defendant, its predecessors, subsidiaries, agents, servants and employees, at all times pertinent in the past maintained headquarters and its principal place of business within the City of New York, and/or maintained sales offices within the City of New York and/or transacted business within the City of New York.

4. At all times material hereto and for some time prior thereto, Plaintiff was in the employ of Defendant working as a Conductor, in furtherance of the carrier's business of interstate commerce and transportation by railroad.

## JURISDICTION AND VENUE

5. This is an action arising under the Federal Employers' Liability Act, 45 U.S.C. §51, *et seq.* ("the FELA"), to recover damages for personal injuries sustained by Plaintiff Petersley Florestal while in the course of his employment with Defendant Amtrak.

6. This Court has jurisdiction and venue of this matter pursuant to 45 U.S.C. §56.

## COUNT I

7. On or about August 29, 2021, Plaintiff was in the usual and customary performance of his duties as a Conductor working for Defendant Amtrak on Train 42, as it made its way through Track 11 at New York Penn Station.

8. On the aforesaid date, Plaintiff was working as a Conductor preparing to bring Train 42 from Penn Station to Defendant's Sunnyside Yard. As he walked through the Train, Plaintiff came upon an assailant physically attacking members of the Amtrak Commissary Crew. Plaintiff ordered the assailant to stop attacking the Commissary Crewmembers. In response, the assailant suddenly charged Plaintiff, and punched and pushed Plaintiff violently. Plaintiff was eventually able to remove the assailant from the train, but not before the assailant violently attacked Plaintiff, and Plaintiff suffered severe injuries to his back and head.

9. The incident caused Plaintiff to suffer serious and disabling injuries to his head and back, as well as post-traumatic stress disorder, *inter alia*.

10. Plaintiff was injured while engaged in the course and scope of his employment for Amtrak as a result of Defendant's negligence.

11. The injuries to Plaintiff were caused, in whole or in part, by the negligence of Defendant Amtrak, its agents, servants, or employees acting in the course and scope of their employment. Plaintiff's accident, injuries, and damages as herein described were caused by breaches of the duties owed by the Defendant Amtrak to Plaintiff under the Federal Employers' Liability Act, 45 U.S.C. §51, *et seq.*, as follows:

   (a) Amtrak failed to provide Plaintiff with a safe place in which to work;

   (b) Amtrak failed to provide reasonable security on its trains and at its New York Penn Station to which it assigned Plaintiff to work, notwithstanding Amtrak's prior knowledge of myriad unruly, violent, and/or mentally ill individuals on its trains and in its New York Penn Station;

   (c) Amtrak failed to adhere to its non-delegable duty to ensure adequate safety and security of its employees, including Plaintiff, on its trains and in its New York Penn Station;

   (d) Amtrak failed to screen individuals boarding its trains to ensure that they did not pose a security risk to other passengers and the crew of its trains;

   (e) Amtrak failed to properly warn Plaintiff of the dangers inherent in performing his job duties, specifically duties which involve encounters with violent members of the public, notwithstanding Amtrak's prior knowledge of myriad unruly, violent, and/or mentally ill individuals on its trains and in its New York Penn Station;

   (f) Amtrak failed to promulgate and enforce reasonable policies and procedures, e.g. – having a reasonable number of police officers or security guards present on its trains and in its New York Penn Station to ensure adequate safety of its employees, including Plaintiff, notwithstanding Amtrak's prior knowledge of myriad unruly, violent, and/or mentally ill individuals on its trains and in the Station;

   (g) Amtrak failed to properly train its employees, including Plaintiff, in the manner by which to approach unruly, violent, and/or mentally ill individuals so as to avoid suffering harm to their person or passengers in its New York Penn Station or on its

        trains, notwithstanding Amtrak's prior knowledge of myriad unruly, violent, and/or mentally ill individuals in the Station, as well as on its trains;

(h)     Amtrak failed to provide a crew of sufficient size or a sufficient number at New York Penn Station to evaluate potentially dangerous situations and possibly eliminate the conditions which may lead to a dangerous situation occurring;

(i)     Amtrak failed to remove unruly violent, and/or mentally ill vagrants and/or trespassers from its New York Penn Station to which Plaintiff was assigned to work, ignoring the numerous complaints made about the dangerous conditions created by their presence in the Station and on its trains;

(j)     Amtrak failed to provide reasonably safe conditions for work;

(k)     Amtrak failed to provide reasonably safe equipment or tools for work; and

(l)     Amtrak failed to exercise due care and caution commensurate with the surrounding circumstances.

12.     Plaintiff's injuries resulted from the negligence of Defendant Amtrak as enunciated above, without any fault or negligence on the part of Plaintiff contributing thereto.

## PRAYER FOR RELIEF

13.     As a result of Defendant's aforesaid negligence, Plaintiff sustained serious and permanent physical injuries to his head and back, as well as post-traumatic stress disorder, *inter alia*, and has suffered, and will continue to suffer into the future, physical pain and mental anguish. Plaintiff's earning capacity has been diminished, and Plaintiff has lost, and may in the future lose, substantial time from employment with a significant loss of earnings therefrom. Plaintiff has incurred, and may in the future, incur expenses for medical and related treatment.

14.     Plaintiff avers that, at the time of the incident and concomitant injuries made the basis of this lawsuit, he was an able-bodied employee of Amtrak, and Plaintiff demands full recovery for all sums reasonable in the premises for the following categories of damages:

    a.     Physical pain and suffering, past and future;

4865-6588-6759, v. 1

    b.    Mental anguish, past and future;

    c.    Loss of enjoyment of life, past and future;

    d.    Lost wages, loss of earning capacity, and/or loss of fringe benefits, past and future; and

    e.    Unpaid medical expenses, past and future.

15. The plaintiff was damaged thereby in a sum in excess of $200,000.00.

**WHEREFORE**, Plaintiff Petersley Florestal demands judgment in his favor and against Defendant National Railroad Passenger Corp. ("Amtrak") for compensatory damages together with post-judgment interest, costs, and any further and additional relief that this Honorable Court deems appropriate.

*Respectfully submitted,*

**FLYNN & WIETZKE, PC**

_____

**Marc Wietzke, Esq.**
1205 Franklin Avenue
Suite 370
Garden City, NY  11530
Telephone: (516) 877-1234
Facsimile: (516) 877-1177
E-mail:  *Mwietzke@FELAattorney.com*

**ROME, ARATA, BAXLEY & STELLY, L.L.C.**

**AND**

**C. Perrin Rome, III, Esq.**
Blake G. Arata, Jr., Esq.
Jason C. MacFetters, Esq.
650 Poydras Street, Suite 2017
New Orleans, LA 70130
Telephone: (504) 522-9980
Facsimile: (504) 522-9971
E-mail:  *Prome@romearata.com*